UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>STEVEN T. CARRIGAN, SR.<br><br>      Debtor(s). | Chapter 13<br>Case No. 24-10550-JEB |
|---|---|

**OBJECTION OF U.S. BANK TRUST TO**
**CONFIRMATION OF THIRD AMENDED CHAPTER 13 PLAN**

NOW COMES U.S. Bank Trust National Association, as Trustee of LB-Cabana Series IV Trust as serviced by SN Servicing Corporation, ("**U.S. Bank Trust**") and objects to confirmation of the Third Amended Chapter 13 plan of Steven T. Carrigan, Sr. (the "**Debtor**").  In support of its objection to confirmation, U.S. Bank Trust states as follows.

**STATEMENT OF MATERIAL FACTS**

1. On July 25, 2008, the Debtor executed a promissory note in favor of Astoria Federal Mortgage Corp. for a loan in the amount of $340,000.00 (the "**Note**").

2. On July 25, 2008, as security for his obligations under the Note, the Debtor granted a mortgage (the "**Mortgage**") on certain real property known as and numbered 1 Settlers Drive, Lakeville, Massachusetts (the "**Property**").

3. The Note and the Mortgage for the Property were assigned to U.S. Bank Trust.

**Bankruptcy Petition**

4. On March 22, 2024, the Debtor filed a voluntary Chapter 13 petition with this Court, commencing the above-captioned case. Doc. No. 1.

5. U.S. Bank Trust alleges that the Debtor owed pre-petition arrears under the Note and Mortgage totaling $119,528.81 on the petition date. *See* POC 4-1.

6. On May 8, 2024, the Debtor filed an Objection to U.S. Bank Trust's claim. Doc. No. 42. After a hearing, the Objection was overruled, with the caveat:

> THIS ORDER IS WITHOUT PREJUDICE TO THE DEBTOR FILING A FURTHER OBJECTION THAT OBJECTS TO SPECIFIC LINE ITEMS IN THE PROOF OF CLAIM AND INCLUDES DETAILED REASONS WHY SUCH ITEMS SHOULD NOT BE ALLOWED. Doc. No. 81.

No further objections to U.S. Bank Trust's claim were filed by the Debtor.

7. On June 20, 2024, a hearing was held on the Debtor's Emergency Motion to Extend Automatic Stay. On June 21, 2024, this Court entered an Order denying the extension of the stay. Doc. No. 80.

8. On June 23, 2024, the Debtor filed a Notice of Appeal and Statement of Election to the Bankruptcy Appellate Panel ("**BAP**") and Motion to Stay Pending Appeal. Doc. No. 82 and 83.

9. On July 2, 2024, a hearing was held on the Motion to Stay pending appeal. On July 3, 2024, this Court entered an Order denying the same. Doc. No. 97.

10. On July 7, 2024, the Debtor filed a Motion for Stay Pending Appeal to the BAP. 24-12 BAP Doc. No. 001149560. On July 17, 2024, the Debtor filed a Supplement to

Motion for Stay Pending Appeal. 24-12 BAP Doc. No. 001149650.  On July 25, 2024, the BAP denied the Motion for Stay Pending Appeal. 24-12 BAP Doc. No. 001149698.

11. On July 29, 2024, the Debtor filed a Motion for Reconsideration of Order Denying Stay Pending Appeal. 24-12 BAP Doc. No. 001149737.  On August 6, 2024, that motion was denied. 24-12 BAP Doc. No. 001149816.  On August 16, 2024, the Debtor filed a Motion for Reconsideration of Order Denying Reconsideration of Order Denying Stay Pending Appeal, and on August 23, 2024, that was denied as well. 24-12 BAP Doc. No. 001149927 and No. 001149980.

12. On October 2, 2024, the Motion to Extend Automatic Stay and motions to stay pending appeal having been denied, U.S. Bank Trust conducted a foreclosure sale (the "**Foreclosure Sale**") due to a default on the terms of the Note and Mortgage, and the Property was sold to a third party.  The third party is in the process of closing the sale.

13. On October 8, 2024, the Debtor filed a Third Amended Chapter 13 plan (the "**Third Amended Plan**"). Doc. No. 138.

14. Pursuant to the Third Amended Plan, the Debtor proposes to cure the pre-petition arrears as stated in POC 4-1 in Part 3(A)(1)(a), and goes on to state:

> 8.1 Nothing in this plan constitutes an admission of the accuracy or validity of any Proof of Claim that has been filed.  The debtor reserves all rights to assert any defenses he may have.  In particular, he believes the mortgage claim is improperly inflated.
>
> 8.2 US BANK NA etc – The court's refusal to extend the automatic stay is on appeal.  Notwithstanding the foreclosure of the mortgage, this plan provides for curing of the arrears so that if the denial is reversed, he can pay the arrears.  The trustee shall NOT make any disbursement on this claim until further notice.

8.3 The debtor is preparing an Offer in Compromise as regards the tax claims [sic]. Until that is finalized, the trustee shall not make any disbursement to the taxing authorities on unsecured claims; the trustee shall make disbursement ONLY to the class of secured claims… If the appeal on the denial of extension of the automatic stay is not successful, money paid to the trustee as regards [sic] the mortgage arrears shall be paid to priority and secured tax claims.

8.4 The debtor realizes that there is a shortfall between the base amount of the plan and the proposed payments, primarily because of the secured IRS claim. He believes this will be resolved by way of the Offer in Compromise, and thus the plan should be conditionally confirmed pending determination of the Offer. In addition, if he is successful in the appeal, he will apply for a Reverse Mortgage for which he believes he is qualified….

## GROUNDS FOR OBJECTION TO PLAN

15. U.S. Bank Trust respectfully asks this Court to refuse to confirm the Third Amended Plan for the following reasons.

16. Confirmation of the Third Amended Plan may bind U.S. Bank Trust to its terms, despite the June 21, 2024 Order. *See* Green Tree Fin. Corp. v. Garrett (In re Garrett), 185 B.R. 620 (Bankr. N.D. Ala 1995) (holding a creditor who obtained relief from the automatic stay pre-confirmation was still bound by the confirmed plan where the plan did not expressly provide for the terms of the relief order).

17. As such, U.S. Bank Trust objects to confirmation of the Third Amended Plan as the Foreclosure Sale has occurred and there is no longer a pre-petition arrearage to treat.

18. Further, U.S. Bank Trust responds to Part 8 of the Plan as follows:

8.1 The Debtor had ample opportunity to *properly* object to the claim prior to the Foreclosure Sale. He failed to do so. The Debtor should not be able to challenge the claim with a blanket statement that the claim is "improperly inflated" at a later date.

8.2 The Plan <u>cannot</u> provide for curing of the arrears as there are no longer any arrears to cure.  The Foreclosure Sale has taken place.  The fact that there is a pending appeal (which several courts have denied a stay pending appeal for), does not change the fact that the debtor must be realistic about his present situation. "The Court will not confirm a plan that is predicated on a debt structure that does not presently exist and may not come to be. The plan must address circumstances as they presently exist."  <u>In re Cuervo</u>, 13-16262 (Bailey, J.) ECF No. 45.

8.3 The Debtor states that the trustee shall make disbursement only to secured claims, but Part 8.2 states that the trustee is not to make any disbursements to U.S. Bank Trust, which the Debtor considers a secured claim.  The Plan is inconsistent and infeasible.

8.4 The Debtor states that if he is successful in his appeal, he will apply for a reverse mortgage.  The Plan includes payment for arrears in its calculation and does not mention that arrears will be paid through a reverse mortgage.  The Plan is inconsistent and infeasible.

WHEREFORE, in light of the foregoing, U.S. Bank Trust respectfully requests that this Court enter an order:

(a) Denying confirmation of the Debtor's Third Amended Chapter 13 plan; and

(b) Granting U.S. Bank Trust such other and further relief as is just and proper.

Respectfully submitted,

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF LB-CABANA SERIES IV TRUST AS SERVICED BY SN SERVICING CORPORATION,

By its attorney,

/s/ *Tatyana P. Tabachnik*
Richard C. Demerle, Esq. (BBO#652242)
Tatyana P. Tabachnik, Esq. (BBO#673236)
Demerle & Associates, PC
10 City Square

Boston, MA 02129
(617) 337-4444
TTabachnik@DemerlePC.com

DATE:  November 6, 2024

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>Steven T. Carrigan, Sr.,<br><br>    Debtor(s). | Chapter 13<br>Case No. 24-10550-JEB |
|---|---|

### CERTIFICATE OF SERVICE

I, Tatyana P. Tabachnik, Esq. of the law firm of Demerle & Associates PC, hereby certify that I have this 6th day of November 2024 served on behalf of U.S. Bank Trust National Association, as Trustee of LB-Cabana Series IV Trust as serviced by SN Servicing Corporation, an <u>Objection to Confirmation of the Third Amended Chapter 13 Plan</u> and this <u>Certificate of Service</u> by causing copies hereof to be sent by electronic mail via the Case Management / Electronic Case Files (ECF) system and by private electronic mail to all parties not appearing electronically but entitled to service per the Federal Rules of Bankruptcy Procedure.

| Steven T. Carrigan, Sr.<br>1 Settlers Drive<br>Lakeville, MA 02347 (M) | David G. Baker<br>Baker Law Offices<br>255 Massachusetts Avenue<br>Suite 614<br>Boston, MA 02115-4701 (ECF) |
|---|---|
| Office of the US Trustee<br>J.W. McCormack Post Office & Courthouse<br>5 Post Office Sq., 10th Fl, Suite 1000<br>Boston, MA 02109 | Carolyn Bankowski<br>Chapter 13 Trustee Boston<br>P. O. Box 8250<br>Boston, MA 02114 (ECF) |

/s/ *Tatyana P. Tabachnik*
Tatyana P. Tabachnik, Esq.